**01–1454. Comella v. St. Paul Mercury Ins. Co.**

Certified State Law Question, No. 100CV2664. On preliminary memoranda pursuant to S.Ct.Prac.R. XVIII(6). The following questions were certified to this court by the United States District Court for the Northern District of Ohio, Eastern Division:

"Question 1.

"In Scott–Pontzer v. Liberty Mut. Fire Ins. Co. [85 Ohio St.3d 660], 710 N.E.2d 1116 (Ohio 1999), and Linko v. Indemnity Ins. Co. of N. Am. [90 Ohio St.3d 445], 739 N.E.2d 338 (Ohio 2000), the Ohio Supreme Court analyzed Ohio Rev. Code § 3937.18. In both cases, however, the Ohio Supreme Court examined versions of the statute enacted prior to September 3, 1997. Ohio Rev. Code § 3937.18(C) was amended on September 3, 1997, to read, in pertinent part, as follows:

" 'A named insured's or applicant's rejection of [UM/UIM] coverages ..., or a named insured's or applicant's selection of [lower amounts of] such coverages ..., shall be in writing and shall be signed by the named insured or applicant. A named insured's or applicant's written, signed rejection ... [or] selection of such coverages... shall be effective on the day signed, shall create a presumption of an

offer of coverages consistent with division (A) of this section and shall be binding on all other named insureds, insureds, or applicants.' (Emphasis added.)

"Is the presumption referred to in this statute a rebuttable presumption, or a conclusive presumption?

"Question 2.

"If the answer to question 1 is that the statutory presumption is rebuttable, what measure of proof is needed to rebut the presumption, and who bears the burden of supplying that proof?

"For instance,

"a. Will proof that the insurer made no written offer of coverage be sufficient to rebut the presumption? or,

"b. Will proof that the offer did not include the precise terms referred to in Linko v. Indemnity Ins. Co. of N. Am. [90 Ohio St.3d 445], 739 N.E.2d 338, 342 (Ohio 2000) ('a brief description of the coverage, the premium for that coverage, and an express statement of the UM/UIM coverage limits') operate to rebut the presumption? or,

"c. Will the presumption remain as long as the evidence establishes that the insured knowingly chose to reject UM/UIM coverage, regardless of how knowledge that such coverage was available was obtained?"

The court declines to answer the questions. This cause is therefore dismissed.

MOYER, C.J., DOUGLAS, RESNICK and LUNDBERG STRATTON, JJ., concur.

F.E. SWEENEY, PFEIFER and COOK, JJ., dissent.